# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48149

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 22, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TRYSTAN KYLE KRAHN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan W. Wiebe, District Judge.

Judgment of conviction and order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant. Jacob L. Westerfield argued.

Hon. Lawrence G. Wasden, Attorney General; Jennifer M. Jensen, Deputy Attorney General, Boise, for respondent. Kacey L. Jones argued.

_____

GRATTON, Judge

Trystan Kyle Krahn appeals from his conviction for possession of a controlled substance. Krahn argues that the district court erred when it denied his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Krahn was stopped by Officer Stratton after a record check of Krahn's license plate returned as canceled. Upon approaching the vehicle, Officer Stratton noticed that Krahn had a temporary trip permit displayed in his rear windshield. Officer Stratton informed Krahn about the reason for the stop, questioned him about the permit, and asked for his license and proof of insurance. Krahn did not have a driver's license, but gave Officer Stratton the information

1

necessary to look it up. It was determined that Krahn's license had been suspended by the state of Montana.

Officer Stratton also questioned Krahn about two containers that were in plain view in his vehicle, which containers Officer Stratton recognized as often used to hold contraband. Krahn allowed Officer Stratton to open one of the containers, which held two pills, but declined to permit Officer Stratton to look at the other. Observing that Krahn appeared nervous, Deputy Johnson (another officer at the scene) requested a police dog. As Officer Stratton filled out citations for canceled plates and driving without privileges, the police dog arrived and alerted to Krahn's vehicle. Officer Stratton then searched the second container, which held a glass pipe with white residue, baggies, and about one gram of methamphetamine.

Krahn was charged with possession of a controlled substance, possession of drug paraphernalia, and driving without privileges. Krahn filed a motion to suppress the evidence from the traffic stop, arguing that the officer lacked reasonable suspicion to continue the stop after seeing the temporary permit. The district court denied the motion, finding that Idaho Code § 49-456(3) prohibits the display of any "license plate knowing the same to be fictitious or to have been canceled, revoked, suspended or altered" regardless of whether a temporary tag is displayed.

Krahn entered a conditional guilty plea to possession of a controlled substance, reserving his right to appeal the denial of his motion to suppress, and the other charges were dismissed. Krahn timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Krahn contends that the district court erred by denying his motion to suppress. Specifically, Krahn argues that the district court erred in its interpretation of I.C. § 46-456(3) by finding that the display of an "expired" license plate violates the statute regardless of whether a valid temporary permit is displayed. Therefore, Officer Stratton, upon seeing the temporary permit on Krahn's rear windshield, lacked reasonable suspicion, and the stop should have concluded without further action being taken.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

As noted, Krahn contends that to the extent Officer Stratton had reasonable suspicion of a violation for an expired license plate, once the officer saw the valid temporary permit on the back window of the vehicle, that suspicion was dispelled and Officer Stratton could no longer detain or investigate Krahn. Under I.C. § 49-456(1), it is unlawful for any person to operate a motor vehicle "that is not registered and that does not have attached and displayed the license plates assigned to it for the current registration year, subject to the exemptions allowed in sections 49-426, 49-431 and 49-432, Idaho Code." The exemption contained in I.C. § 49-432 provides that a temporary registration may be issued "in lieu of registration." The district court

3

found that Krahn had a valid temporary permit displayed in his rear windshield, but stated in its order that the license plate was "expired." Therefore, Krahn argues, his vehicle's mere lack of registration falls under I.C. § 49-456(1) and is subject to the exemption contained in I.C. § 49-432, meaning that reasonable suspicion for the "expired" license plate was dispelled upon seeing the temporary registration tag.

However, I.C. § 49-456(3), the statute actually cited by the district court, contains no such exception. Rather, it states that it is unlawful to display "any registration card or license plate knowing the same to be fictitious or to have been canceled, revoked, suspended or altered." Therefore, if the license plate was "canceled" rather than "expired," the exemptions contained in I.C. § 49-456(1) do not apply. Thus, if reasonable suspicion is based on a canceled license plate, then it was not dispelled when Officer Stratton saw the valid temporary registration. Krahn does not contend on appeal that the events following Officer Stratton's observation of the temporary registration violate his Fourth Amendment rights if reasonable suspicion existed at that time.

The district court loosely used the term "expired" in place of or interchangeably with "canceled." A review of the record makes clear that, although the district court and the parties sometimes used the imprecise term "expired," the district court in fact understood the license plate to be "canceled."[1] The transcript of the hearing on the motion to suppress demonstrates the way in which the terms were interchanged, Officer Stratton consistently used the term "canceled" and defense counsel used the term "expired." One line of questioning from defense counsel to Officer Stratton especially exemplifies this inconsistency:

> Q.  And you indicated that you observed that the license plate which you ran, that came back registration had expired on the license plate?
> A.  Yeah. It had been canceled.

The district court held:

> Idaho Code ("I.C.") § 49-456 makes it unlawful "*[t]o display* or cause or permit to be displayed, or to have in possession *any* registration card *or license plate knowing the same to be* fictitious or to have been *canceled, revoked, suspended* or altered." *See* I.C. § 49-456(3) (emphasis added). Regardless of the fact that Krahn had a valid temporary tag displayed on his rear window, I.C. § 49-456(3) makes it unlawful to display the expired license plate.[2]

---

[1]  The State also alternatively argues that, to the extent necessary, this Court should hold that the "finding" relative to "expired" versus "canceled" is clearly erroneous.

[2]  Elsewhere in its conclusions of law, the district court used the term "canceled."

Moreover, the facts in the record clearly indicate that the license plate was canceled. Officer Stratton ran the license plate and it came back canceled. The district court noted that it had been canceled by another individual. Based on the interchangeable use of the terms at the hearing and the facts on the record showing that the license plate was in fact canceled, it is clear that the district court's use of the term "expired" in its order was intended to mean "canceled." The appellate court may interpret imprecise wording to be consistent with the reasoning of the district court's opinion. *See Caldwell Land & Cattle, LLC v. Johnson Thermal Sys., Inc.*, 165 Idaho 787, 798, 452 P.3d 809, 820 (2019) ("While this ruling is not altogether incorrect, the phrasing is imprecise. Considering the entirety of the district court's decision, it appears the district court meant to construe the leasehold as a month-to-month periodic tenancy."). Therefore, the district court did not err in its interpretation of I.C. § 49-456(3) when it found that Krahn's temporary permit did not dispel Officer Stratton's reasonable suspicion that Krahn had violated the statute.

## IV.

## CONCLUSION

The district court did not err in denying Krahn's motion to suppress. Therefore, we affirm the judgment of conviction and the district court's denial of Krahn's motion to suppress.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.